# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Clifford J. Schuett,<br><br>            Plaintiff<br>v.<br><br>Kohen, et al.,<br><br>           Defendants | Case No. 2:19-cv-1042-JAD-EJY<br><br>**Order Denying Motions**<br><br>[ECF Nos. 8, 9] |

Plaintiff Clifford J. Schuett has submitted a complaint under 42 U.S.C. § 1983, as well as an application to proceed *in forma pauperis*.[1] Under 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full filing fee in advance unless he is "under imminent danger of serious physical injury."[2] Mr. Schuett had more than three strikes under 28 U.S.C. § 1915(g) before he filed the instant action,[3] so the statute does not allow the court to grant him *in*

---

[1] ECF Nos. 1, 8.

[2] 28 U.S.C. § 1915(g).

[3] *See Schuett v. Collins*, 2:14-cv-1645-JAD-CWH (D. Nev. July 29, 2015); *Schuett v. Governor of the State of Washington*, No. C14-5634-BHS-JRC (W.D. Wash. November 26, 2014); *Schuett v. U.S. Attorney General*, No. 14-cv-3101 (N.D. Ga. October 27, 2014); *Schuett v. CEO-CCA-Correctional Corporation of America*, No. 2:14-cv-1431-JAD-PAL (D. Nev. October 3, 2014); *Schuett v. Attorney Gen. of California*, No. 2:14-cv-6794 (C.D. Cal. September 26, 2014); *Schuett v. United States Marshal Service*, No. 2:13-cv-01063-JCM-WGF (D. Nev. July 29, 2013).

*forma pauperis* status unless he satisfies this higher standard. But his allegations fail to plausibly allege that he was in imminent danger of serious physical injury at the time he filed his complaint.[4] Although plaintiff's complaint concerns alleged conditions he experienced at a prison in Nevada,[5] he filed the complaint while he was at a prison in California,[6] so it is apparent that he was not in imminent danger at the time he filed his complaint. Therefore, plaintiff must pre-pay the filing fee in full if he wants to proceed with this lawsuit.

Plaintiff has also filed a motion asking the court to direct service of this action.[7] Unless and until plaintiff pays the filing fee, any order permitting this action to proceed would be premature. Accordingly, the court denies the motion for service as premature.

**CONCLUSION**

IT IS THEREFORE ORDERED that the application for leave to proceed *in forma pauperis* (**ECF No. 8**) **is DENIED**. **Plaintiff has until April 3, 2020, to pay the entire $350 filing fee. If he fails to pay the full $350 filing fee by April 3, 2020, this case will be dismissed** without prejudice and without further prior notice.

IT IS FURTHER ORDERED that plaintiff's Motion that the Defendants Be Served Summons and Complaint in this Action **[ECF No. 9] is DENIED** as premature.

Dated: March 4, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[4] *See Andrews v. Cervantes*, 493 F.3d 1047, 1052–55 (9th Cir. 2007) (holding that the availability of the imminent danger exception to three strikes rule is to be assessed based on alleged conditions at the time the complaint is filed regardless of whether imminent danger exists at an earlier or later time).

[5] ECF No. 1-1 at 1.

[6] *Id*. at 1.

[7] ECF No. 9.