# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Clifford J. Schuett<br><br>　　　　Plaintiff<br>　v.<br>Kohen, et. al.,<br><br>　　　　Defendants | Case No. 2:19-cv-01042-JAD-EJY<br><br>**Order Dismissing<br>and Closing Case**<br><br>[ECF Nos. 11, 12] |

Plaintiff Clifford J. Schuett brought this civil-rights lawsuit to redress constitutional violations he claims that he suffered while he was detained at the Southern Desert Correctional Center in Nevada.[1] Schuett filed his complaint while he was at FCI Victorville in California.[2] On March 4, 2020, I issued an order denying Schuett's application to proceed *in forma pauperis* because he had "three strikes" under 28 U.S.C. § 1915(g) and his complaint did not plausibly allege that he was in imminent danger of serious physical injury at the time he filed it.[3] I informed Schuett that he had to pay the filing fee by April 3, 2020, or I would dismiss this action without prejudice.[4] That deadline has expired, and Schuett did not pay the filing fee.

Instead of paying the filing fee, Schuett objected to my ruling that he had not plausibly alleged that he was in imminent danger of serious physical injury when he filed his complaint.[5] Although Schuett admits that he had been transferred from Nevada Southern Detention Center

---
[1] ECF No. 1-1 at 1.
[2] *Id.*
[3] ECF No. 10.
[4] *Id.*
[5] ECF No. 12.

on May 29, 2019, and was at a facility in Victorville, California, he claims that he was still in imminent danger at that time because he was bleeding from injuries he had sustained while he had been in Nevada and was denied medical care in Victorville, too.[6] Schuett also seems to claim that he was still in Nevada when he filed his claim.[7] However, it is very clear from Schuett's own filings that he was at the Victorville facility in California when he filed his complaint on June 17, 2019.[8] Furthermore, Schuett's complaint does not include allegations concerning conditions and events in California; all the defendants are persons located in Nevada, and Schuett explicitly stated in his complaint that the alleged violations took place in May 2019 at the Nevada Southern Detention Center.[9] Under the law, I must determine whether the complaint plausibly alleges that Schuett was in imminent danger of serious physical injury at the time he filed the complaint while in custody in California on June 17, 2019.[10] The complaint did not include such allegations. Schuett therefore is required to pay the filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[11] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[12] In determining whether to dismiss an action

---

[6] *Id.* at 2–3.

[7] *Id.* at 3.

[8] ECF No. 1, 1-1.

[9] ECF No. 1-1 at 1–2.

[10] *See Andrews v. Cervantes*, 493 F.3d 1047, 1047, 1054 (9th Cir. 2007).

[11] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[12] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[13]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[14] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[15] and that warning was given here.[16] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to pay the filing fee as ordered and all pending motions

---

1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[13] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[14] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[15] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[16] ECF No. 10 at 2 (warning Schuett in bold that, "If he fails to pay the full $350 filing fee by April 3, 2020, this case will be dismissed without prejudice and without further prior notice.").

**[ECF Nos. 11, 12]** are **DENIED** as moot.[17]  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  **No other documents may be filed in this now-closed case.**

Dated: April 14, 2020

                                                   _____
                                                   U.S. District Judge Jennifer A. Dorsey

---

[17] Schuett has moved for me to recuse myself from this case. ECF No. 11; ECF No. 12 at 3–4. Even if I were not denying the recusal requests as moot in light of this dismissal, I would deny them on their merits. Schuett contends that I should recuse from his case due to my actions and inaction in his cases, including sentencing him to prison "on false reports" by probation officers and then refusing to grant his motions for release. ECF No. 11; ECF No. 12 at 3–4. Schuett's allegations are unfounded; more importantly, they present no basis for recusal under the law.  The United States Supreme Court has held that opinions formed by the judge "in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  And judicial rulings that are unfavorable to a defendant are a basis for appeal, not recusal. *Id.*